# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

HENRY W. WEIL, Respondent, v. RUNYON W. MARTIN, Jr., AND OTHERS, Appellants.

24 645
131a 190
24 645
1ap 33
24 645
41ap556
24h 645
d51ad568

*Failure to state the name of the wife of a defendant in a foreclosure suit, in the summons — When an amended complaint need not be served on parties appearing, but in default — Order for service of summons by publication — leave to serve it personally without the State need not be given.*

APPEAL from a judgment in favor of the plaintiff, recovered on trial of this action at the Special Term, and from an order denying a motion to vacate it.

This action was prosecuted for the foreclosure of a mortgage, and the same objections were taken to the right of the plaintiff to recover upon the trial as were urged in support of the motion afterwards made to set aside the judgment. In the title of the action as it was given in the summons, and also in the complaint, two of the defendants were not named, but they were referred to and mentioned as the wives of two other defendants who were named. It appeared upon the motion that but one of these defendants had a wife, and the question was whether the omission of her name was such an irregularity as deprived the plaintiff of his right to judgment in the action.

The court at General Term said: " It was an irregularity for the reason that the Code required that the summons shall contain the names of the parties, or as much of his or her name as is known, adding in that case a description identifying the person intended.

In this case only the description was given and that part of the name that was known, and must have been the same, as her husband's was omitted. In this respect the title was defective under

the provisions contained in the Code declaring what it should be. (Code of Civil Procedure, §§ 417, 451.)

But this defect was amendable. It did not deprive the plaintiff of the right to a judgment, nor entitle the defendants to have it vacated after it had been entered. Upon that subject it has been provided that a judgment shall not be impaired or affected by a mistake in the name of a party or other person, or for any omission of the attorney or counsel, by which the adverse party has not been prejudiced. And such omission, defects or imperfections not altering the issue between the parties must, where necessary, be supplied, and the proceeding amended by the court in which the judgment is rendered or by the appellate court. And for that purpose, the court upon the trial or at any other stage of the action, before or after judgment, is allowed to amend the process as well as the pleadings by correcting a mistake in the name of a party, or adding or striking out such name. In every stage of the action the court is also required to disregard any error or defect in the proceedings not affecting any substantial right of the adverse party. (Code of Civil Procedure, §§ 721-723.)   *   *   *

After the complaint had been served it was amended on motion. And in support of the motion to set aside the judgment it was urged that the motion to amend had been made without notice to the attorneys of the parties who had appeared in the action. But the order which was then made recites the fact that due proof of service of notice of that motion upon the attorneys of all the parties who had appeared and demanded service of papers had been filed, and that recital is at least presumptive evidence of the truth of the fact so asserted. By the order then made the name of one defendant was stricken out and those of three others were added. And it has been objected that the proceeding afterwards taken was irregular, because neither this order nor the complaint so amended had been served upon the parties who appeared in the action. The objection cannot be maintained, for there was no necessity for serving either the order or the complaint. The latter was in no way changed in any of its substantial allegations. No different case was made by it against the defendants now complaining of these omissions, and no other relief was sought by means of it, so far as they were concerned, than that which had been demanded by the com-

plaint served upon them, and which they did not find it necessary for the protection of their interests to answer. The cases of *McMurray* v. *McMurray* (60 Barb., 117); and *People* v. *Woods* (2 Sandf., 653), have been relied upon as authorities requiring that the complaint which had been amended should have been served upon the parties who are in default for want of an answer. But in those cases the complaints were amended in material respects, affecting the rights of the parties who were entitled to be served with a copy of it, while in this case no such change was made in the cause of action. By the service of a copy of the complaint before these changes were made, the parties in the action had a full and complete statement of the plaintiff's entire cause of action, and that of the relief which was sought to be obtained by means of its prosecution. And there was certainly no advantage to be secured to them by the service of a copy of the complaint so amended. The amendment related only to the parties to the action and not to the subject of the litigation. For that reason the rule sustained by these authorities required no further service of the complaint to be made upon these defendants.      *      *      *

The order made, which directed the publication of the summons, did not declare that the summons and complaint might, at the option of the plaintiff, be served personally upon the defendants outside of the limits of the State, and on that account it has been objected to as insufficient. But as no service of that nature was made upon either of these defendants there does not appear to be any substantial support for this objection. The case of *Ritten* v. *Griffith* (16 Hun, 454) is not an authority sustaining the propriety of the position which has been taken, for there the order contained no direction for any publication whatever, while the provision made by the Code is peremptory that such direction must be given to warrant a substituted service of this nature of the summons and complaint. To that extent the order is required to go in all cases in order to conform to the unqualified enactment contained in the Code upon this subject. (Code of Civil Procedure, § 440.)

It is only when the plaintiff may desire to avail himself of the privilege created of serving papers personally out of the State that the order is required to provide for the exercise of that right.

It is an alternative which he may or may not desire to secure, and

when it is not expected that the papers will be served personally beyond the limits of the State no propriety exists for the insertion of the optional right to make such service, in the order of publication. For the purpose of authorizing the service which was made, the order was entirely complete, and the objection taken to it was rightfully overruled in the decision of the motion."

*A. J. Vanderpoel* and *Wm. R. Martin,* for the appellant.

*Frederic B. Jennings,* for the respondent.

Opinion by DANIELS, J. ; DAVIS, P. J., and BRADY, J., concurred.

Judgment and order affirmed.